IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRICON ENERGY, LTD. § | | |
| Plaintiff, § | | |
| § | | |
| v. § | C.A. NO. _____ | |
| § | Admiralty Rule 9(h) | |
| M/V CELSIUS MAYFAIR, § | | |
| her engines, tackle, boilers, etc. *in rem,* § | | |
| § | | |
| v. § | | |
| § | | |
| ODFJELL TANKERS AS, AND § | | |
| STAINLESS 3 LTD. § | | |
| Defendants. § | | |

# COMPLAINT

1. Plaintiff, Tricon Energy, Ltd.("Tricon") by its attorneys, Hill Rivkins LLP, complaining of the M/V Celsius Mayfair, *in rem,* Stainless 3 Ltd. ("S3L"), and Odfjell Tankers AS ("OTAS") (collectively "Defendants"), alleges upon information and belief:

**A.**

2. This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or is brought pursuant to 9 U.S.C.A. § 8, for preservation of *in rem* security for arbitration.

**B.**

3. At and during all the times hereinafter mentioned, Tricon Energy, Ltd. was the shipper, consignee and/or owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Tricon Energy, Ltd. had and now has the legal status and principal office and place of business stated in Schedule A attached.

## C.

4. At and during all the times hereinafter mentioned, S3L, and OTAS had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court.

## D.

5. On Nov. 18, 2014 Tricon contracted with OTAS to have OTAS's vessel, the M/V Celsius Mayfair carry a parcel of 4,300 MT (+/- 5% at Tricon's option, ultimately 4,500 MT) of styrene monomer ("styrene") from Houston, Texas to Santos, Brazil, with loading around Nov. 25, 2014.

6. On or about Nov. 25, 2014 the Plaintiff's cargo of styrene monomer was loaded in the Port of Houston. On or about December 7, 2014 Tricon was notified that a vessel breakdown had occurred and that Plaintiff's cargo would likely have to be discharged from the vessel so that repairs could be undertaken to fix a problem which had evidenced itself aboard the ship. At that time Tricon was also notified that the cause of the breakdown had occurred on Dec. 2, 2014.

7. On Dec. 10, 2014 Tricon was notified that General Average would likely be declared related to the vessel breakdown, which allegedly occurred on Dec. 2, 2014. The timing of: 1) notification of the vessel; 2) the GA notification, and 3) the change of plans from an "offered discharge" - to retaining the cargo aboard the ship – all contributed to Tricon's damages claimed herein, since the delivery under Tricon's Brazilian sale contract was "of the essence" and associated with the original vessel's delivery schedule. Tricon's customer in Brazil purchased this product with the anticipation that the M/V Celsius Mayfair carriage would fulfill Tricon's Brazilian customer's contractual delivery deadline of "late December 2014, first week January,

2015" delivery window. The M/V Celsius Mayfair was originally scheduled to meet Tricon's delivery requirement for its contract with its Brazilian customer before encountering an alleged rudder failure.

8.  Furthermore, Styrene monomer is a product which will polymerize if not delivered and used within a certain time frame, and avoidance of catastrophic polymerization, and "safety of life", is always a consideration when such an indefinite delay occurs. Delay of delivery also poses a safety hazard since the cargo of styrene must be kept at a cool temperature to avoid polymerization. This poses a safety risk which is a growing potential hazard.

9.  The timing and cause of the declared GA is mysterious and inadequately explained and efforts to obtain the supply of documents justifying that GA declaration have been unreasonably refused by counsel for the vessel in spite of a demand for those documents to justify the requested "immediate posting" of a GA bond. This unreasonable refusal to supply the documents is evasive, obstructionist in nature, and unjustified, since Plaintiff is entitled to a supported explanation of the reason for the GA. Plaintiff made a reasonable demand for those documents in writing on December 23, 2014 and on January 7, 2015 Tricon was notified that those documents would not be forthcoming, in spite of the vessel's continued insistence on a GA bond posting.

10. As a result of the vessel's notification that the product would be delayed (with an indefinite time frame of resolution) Tricon's traders sought to find other means to fulfill Tricon's previously committed sales contract in Brazil. At first, Tricon was advised that their cargo would have to be discharged. Consequently, Tricon employed another vessel in order to satisfy Tricon's contractual requirements in Brazil. Tricon requested permission to trans-ship the cargo and OTAS's office did not respond quickly enough to satisfy the replacement vessel's time

requirements. Therefore, Tricon had to purchase another similar parcel of product, and load it onto the alternative vessel, to "cover" for the fulfillment of Tricon's contract in Brazil, and avoid a breach of contract with the cargo's receiver in Brazil, and possible damages flowing from shut-down of the receiver's plant due to lack of product.

11.     As a result, Tricon no longer has a market in Brazil for the parcel of 4,500 MT of styrene now on OTAS's vessel. Due to Tricon's required purchase of a "cover parcel," and the booking of an alternative carrying vessel, Tricon has and will suffer damages in the approximate amount of about $2,000,000.00 in losses associated with the expenses of covering for its undeliverable product associated with: a) the M/V Celsius Mayfair's failure to depart on time and deliver this product as scheduled, and b) its untimely and untoward decisions related to the handling of Plaintiff's styrene parcel. Alternatively, Tricon has suffered more extensive damages than economically necessary for the GA, as a result of the failure of the M/V Celsius Mayfair to discharge the product to the original loading facility (in accordance with US Customs requirements), which would have permitted Tricon to fulfill their original committed contractual obligations without requiring cover, or purchase of a replacement product on the open market for styrene in Houston.

12.     Tricon now faces additional expenses beyond the costs for a new carrying vessel and trans-shipment of the cargo (which would have minimized Tricon's losses) since the market for petroleum products is falling drastically, and the styrene monomer cargo has become an effective "hostage" aboard the vessel preventing its timely sale in the market to satisfy the original contract. The value of the product aboard the vessel is deteriorating with the falling economic market for petroleum goods. Tricon faces a total of approximately $2.0 million in anticipated financial losses since Tricon was forced to cover for the cargo, and now has no market for the

product in Brazil (the contract having necessarily been filled already), and they will now be required to sell the 4,500 MT styrene parcel now aboard the M/T Celsius Mayfair in Brazil in a distressed market.

13.  Based on the above stated circumstances and the untoward and untimely decisions of the vessel and defendants S3L, and OTAS, defendants have breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

### F.

14.  Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants are bailees of plaintiff's cargo described in Schedule A. Defendants have caused damages to Plaintiff's cargo as a result of their breach of contract as bailees. Defendants breached their duties and obligations as bailees and were negligent.

### G.

15.  Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### H.

16.  Plaintiff has duly performed all duties and obligations on its part to be performed.

### I.

17.  By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of approximately TWO MILLION AND 00/100 DOLLARS ($2,000,000.00), as best as

same can now be estimated, for which Plaintiff demands recovery from all defendants, jointly and severally.

## J.

18. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

_[signature]_

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
ROBERT G. MOLL
SDTX I.D. No.: 15212
Texas Bar No. 00784622
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:   (713) 222-1515
Direct Line:   (713) 457-2287
Facsimile:   (713) 222-1359
E-mail: dmartin@hillrivkins.com
E-mail: rmoll@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF
TRICON ENERGY, LTD.**

## VERIFICATION

THE STATE OF TEXAS     *
                                      *
COUNTY OF HARRIS     *

Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this 2th day of January, 2015.

_____
Notary Public, State of Texas
My Commission Expires: 3/26/16

ROSA LANDIN
Notary Public, State of Texas
My Commission Expires
March 26, 2016

9

## SCHEDULE A

### LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **TRICON ENERGY, LTD.**, was and now is a corporation with an office and place of business at 777 Post Oak Blvd., Suite 550, Houston, TX 77056.

**M/V CELSIUS MAYFAIR** was at all material times a tanker vessel sailing under the Marshall Islands flag. The vessel was built in 2007, its call sign is V7BU6, and its gross tonnage is 11,660 tons.

Defendant, **Stainless 3 Ltd.** ("S3L"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Stainless 3 Ltd.
c/o Fleet Management Ltd.
11th Floor, Dah Sing Financial Centre, 108, Gloucester Road, Wan Chai
Hong Kong, China


Defendant, **Odfjell Tankers AS** ("OTAS"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Odfjell Tankers AS
Conrad Mohrs veg 29
5072 Bergen, Norway

OTAS also maintains a registered office in Texas upon whom service may be made, and thus may be served through its local office c/o:

Odfjell USA Inc.
13100 Space Center Blvd., Suite 600
Seabrook, Texas 77586

Odfjell USA Inc.
13100 Space Center Blvd.
Houston, Texas 77059

10

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V Celsius Mayfair |
| Date of loading: | on or about Nov. 25, 2014 |
| Port of Shipment: | Houston, Texas |
| Port of scheduled Discharge: | Santos, Brazil |
| Shipper: | Tricon Energy, Ltd. |
| Consignee: | Companhia Brasileira de Estrireno - Guaruja |
| Description of Shipment: | 4,500 MT of styrene monomer |
| Nature of Loss or Damage: | "cover" expenses related to satisfying Tricon's contract delivery requirements, and losses associated with the defendants' unreasonable decision to withhold discharge of the cargo to an alternative carrying ship, and/or to the Port of Houston, effectively holding it "hostage" during an unreasonable vessel repair period, causing expectable market losses. |
| Loss Amount: | Approximately $2,000,000.00 |

**CERTIFICATE OF SERVICE**

      The undersigned hereby acknowledges that a true and correct copy of the foregoing document has been served upon all counsel of record on this 12th day of January, 2015, to:

| | |
|---|---|
| Andrew A. Durham, Esq.<br>Eastham, Watson, Dale & Forney, L.L.P.<br>The Niels Esperson Building<br>808 Travis, Ste. 1300<br>Houston, Texas 77002-5769<br>Email: durham@easthamlaw.com | ☐ By facsimile transmission<br>x By electronic transmission<br>x By deposit in the United States Mail<br>☐ By CMRRR<br>☐ By hand-delivery |

8